IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  Robert Harrison Blaine                     Case No.: 3:19-bk-002798-JAF

Debtor.                                            Chapter No. 13

---

## DEBTOR'S CHAPTER 13 PLAN

The debtor submits the following Chapter 13 Plan:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor shall pay the trustee the sum of $1765.92 per month for a Months One (1) through Eighteen (18) of the plan, then $1654.80 over the remaining life of the plan, months Nineteen (19) thru Sixty(60).

2. From the payments so received, the Trustee shall make disbursement as follows:

**A.    PRIORITY CLAIMS**

1. The fees and expenses of the Trustee shall be paid over the life of the plan at a rate of Ten percent (10%) of the amount of all payments under the plan.

**B.    SECURED CLAIMS**

1. **BBA Compass Bank-** At the time of filing, this creditor was owed $45,694 on account number #xxxx8622 that is secured by a line of credit on real property located at 9431 NW 212 St., Starke, Fl. 32091, Bradford County, Florida, which serves as the Debtor's primary residence. The Debtor's monthly payment on the mortgage is $519 and the Debtors propose to continue paying this amount into the plan each month. The Trustee shall make regular monthly payments of $519 over the life of the plan. In addition to the amount stated above, the Debtor owes an arrearage of $18,239 which he

proposes to pay at the rate of $303.94 per month over the life of the plan. The Debtor will pay in total $822.94 per month to this creditor monthly over the life of the plan.

  2. **Rushmore Loan Management Services**- At the time of filing the Creditor is owed a balance of $39,983 that is secured by a mortgage on real property located at 9431 NW 212 St., Starke, Fl. 32091, Bradford County, Florida, which serves as the Debtor's primary residence. Debtor proposes to pay $666.38 into the plan each month. The Trustee shall make monthly payments to the creditor over the life of the plan of $666.38.

  **B.** **PRIOTITY UNSECURED CLAIMS**

1. At the time of filing, the Debtor owes Attorney Fees of $1800 to Curtis A. Sanders, P.A. The Debtor Proposes to pay $100 per month on months 1-18 of the plan.

  **C.** **GENERAL UNSECURED CLAIMS**

1. At the time of filing, the debtor scheduled $ 15,919 in general unsecured debt. The Debtor proposes to make payments pro rata into the plan in month sixty (60) towards the unsecured class after all secured and priority claims are paid.

  **D.** **MISCELLANEOUS PROVISIONS**

1. The Debtor does not reject any executory contracts.

2. Title to all property of the estate shall re-vest in the Debtor upon confirmation of this plan.

3. Any claims filed after October 24, 2019 shall receive no distribution under the plan unless specifically provided above.

4. Any regular payments made monthly by the Debtor to the trustee pre and post confirmation for eventual distribution to a secured creditor shall be deemed paid to the secured creditor as of the date of the payment was received by the Trustee pre and

post confirmation. In addition, the secured creditors shall not be entitled to accrue interest on the regular monthly payment made by the debtor to the United States Trustee in accordance with the plan's terms even if such regular monthly payment under the plan deviates from the mortgage payment schedule.

5. All arrearage payments made by the Debtor to the Chapter 13 Trustee shall be deemed received by the secured creditor when received by the United States Trustee. All arrearage payments shall be applied to the pre-petition months that were delinquent. No additional interest shall accrue on arrearage payments timely made by the Debtor to the trustee pre and post confirmation in accordance with the terms of this plan.

6. No late charge or any charge shall be allowed during the term of the Plan, provided, however, if there is a reasonable or legitimate increase in annual escrow requirements for insurance or property tax reimbursements, then the secured creditor shall only be entitled to such escrow reimbursement if the secured creditor notifies the Chapter 13 Trustee, the debtor and the debtor's attorney in writing of the proposed increase no later than forty-five (45) days prior to the scheduled escrow reimbursement increase. Otherwise, no such increase shall be valid.

7. Each secured creditor shall retain its lien interest.

Dated this ___8th___ day of ___August___, 2019.


/s/ Blaine Harrison
Debtor

/s/ Curtis A. Sanders
Curtis A. Sanders, Esquire
407 West Georgia Street
Starke, FL 32091
Telephone: 904-964-4111
Fax No.:   904-964-5111
Fl. Bar No.: 0625647
Attorney for Debtor
Thesandersfirm@yahoo.com

Certificate of Service

I hereby certify that a true and correct copy of the foregoing Chapter 13 Plan was provided electronically or by U.S. Mail, postage prepaid, to all creditors or interested parties in this case on this 8th day of August, 2019.

/s/ Curtis A. Sanders
Attorney for Debtor